IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

H. LEIGHTON LASKEY,

    Plaintiff

    v.                      CIVIL NO.: WDQ-11-2372

FRANK CONAWAY, et al.,

    Defendants.

MEMORANDUM OPINION

Before the court are H. Leighton Laskey's civil rights complaint filed under 42 U.S.C. § 1983 and Motion to Proceed in Forma Pauperis ("IFP"). For the following reasons, the Court will grant the motion to proceed in forma pauperis and dismiss the Complaint.

I.    Background

On June 2, 2011, Laskey sued the City of Baltimore, and Mayor and City Council of the City of Baltimore, in the Circuit Court for Baltimore city ("the state case"). ECF No. 1 Ex. 1 at 11. On August 24, 2011, Laskey sued the Court Clerk's Office and Frank Conaway, Clerk of the Court for violations of 42 U.S.C. § 1983 and the 14th Amendment based on the processing of Laskey's filings in the state case. ECF No. 1 at 1.

In this case, Laskey's complaint alleges that, after receiving leave to proceed IFP in the state case, the Clerk's

office "disregard[ed]" the court's in forma pauperis order by mailing "five . . . private process writ[s] of summons that had the plaintiff's name spelled wrong with half of the writ of summons being [illegible]."[1] ECF No. 1 Ex 1 at 1. According to Laskey, the clerk's office "overstepped their jurisdiction, . . . thus denying [him] due process of law." *Id.* Laskey claims that the clerk's office actions caused "irreversibl[e] damage to the point of [judgment] against the plaintiff." *Id.* Ex. 1 at 2. Laskey seeks $250,000 in damages and a "federal investigation of [the defendants'] contemptuous actions against the public." *Id.* at 3.

II. Analysis

  A.  Standard of Review

Laskey is a pro se litigant, and the Court liberally construes his pleadings. *See Erickson v. Pardus*, 551 U.S. 89 (2007). Liberal construction does not mean that the Court may ignore a clear failure to allege facts which state a federal claim; nor may the Court assume the existence of a genuine issue of material fact when none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990). The Court must dismiss an action--even one filed by a litigant proceeding in forma pauperis--that fails to state a claim on which relief

---

[1] The summonses are attached to the complaint, and spell Laskey's first name "Lighton." ECF No. 1 Ex 1 at 5-9.

may be granted or seeks monetary relief from a defendant who is immune to such relief. *See* 28 U.S.C. § 1915(e)(2) (requiring *sua sponte* dismissal of in forma pauperis litigant's action if it fails to state a claim on which relief may be granted or seeks monetary relief from defendant who is immune).

Whether a complaint states a claim is analyzed under Fed. R. Civ. P. 12(b)(6) which tests the sufficiency of the complaint. Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pled allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

3

(2009).

The case will be dismissed under this standard.

B.   Laskey's Due Process Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The violation must be intentional; negligent and unavoidable errors are "categorically beneath the threshold of constitutional due process." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

Although it is conceivable that an illegible summons would frustrate a pro se litigant's ability to serve his complaint, Laskey has not alleged that the defendants acted intentionally. *See id.* Accordingly, Laskey has not alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The complaint will be dismissed without prejudice.

C.   In Forma Pauperis Status

A person may proceed in forma pauperis in this Court if he shows by affidavit that he is unable to pay filing fees for his claim. 28 U.S.C. § 1915(a)(1), (c), (d). Laskey submitted an affidavit stating that he is unemployed and receives less than $200 per month from gifts and odd-jobs. He has demonstrated his

4

inability to pay and may proceed in forma pauperis.

III. Conclusion

For the reasons stated above, Laskey's motion to proceed in forma pauperis will be granted. The complaint will be dismissed without prejudice.

10/5/11
Date

William D. Quarles, Jr.
United States District Judge